## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.  05-cv-01374-MSK-BNB

TRANSFIRST MERCHANT SERVICES, INC.,

        Plaintiff,

v.

BEST PROCESSING SOLUTIONS, INC.
a/k/a BEST PROCESSING, INC. and
RICHARD A. ("RICK") TYLER,

        Defendants.

---

## ~~STIPULATION AND JOINT MOTION FOR ORDER CONCERNING DISCLOSURE AND PRODUCTION OF CONFIDENTIAL MATERIALS~~
## PROTECTIVE ORDER

---

Plaintiff TransFirst Merchant Services, Inc. ("TransFirst") and Defendants Best Processing Solutions, Inc. a/k/a Best Processing, Inc. ("Best") and Richard A. ("Rick") Tyler ("Tyler"), through their respective attorneys, hereby stipulate and jointly move as follows:

<u>Stipulation</u>

1.    This action involves business matters, and related documents and information, which in some cases are confidential and proprietary in nature (collectively, "Confidential Information").  The parties agree that the inappropriate use or disclosure of Confidential Information in connection with this action could result in substantial loss or damage to them or to others.  Accordingly, the parties agree as follows:

    A.    Information which TransFirst, Best and/or Tyler believes in good faith should be treated as Confidential Information shall be so designated (except as set forth below) at the time it is disclosed or produced by TransFirst, Best and/or Tyler, as

1

the case may be.  The party designating information as Confidential shall be referred to as the "Designating Party".  The party receiving information designated as Confidential shall be referred to as the "Receiving Party".

B.      If Confidential Information is, or is found in, a document or thing, the document or thing shall be appropriately labeled by the Designating Party as "CONFIDENTIAL" at the time of its disclosure or production.  If Confidential Information takes the form of testimony (including an answer to a written interrogatory), it shall be appropriately designated by the Designating Party as Confidential at the time the testimony is provided or disclosed or, in the case of deposition testimony, within thirty (30) days after receipt of the transcript of such deposition.  In order to effect the foregoing provision concerning deposition testimony, all deposition testimony shall be treated as Confidential for a period of thirty days after the receipt of the transcript.

C.      Confidential Information shall not be used or disclosed by or on behalf of the Receiving Party for any purpose other than as evidence (or as the basis for evidence or argument) in this action, or to conduct discovery or inquiry relevant to this action.

D.      Confidential Information shall not be disclosed by or on behalf of the Receiving Party to anyone other than (i) the Court (including all Court personnel and any court reporter or stenographer present during a deposition taken in the action), (ii) the Receiving Party's attorneys of record, (iii) the officers, directors, managers, agents and/or employees of the Receiving Party actively involved in the prosecution or defense of this action, (iv) in the case of a document, a person who

2

is indicated on the document as being an author, source or recipient of the document, (v) a person or entity who is or may be a witness in this action, or (vi) a consultant retained by the Receiving Party for the purpose of assisting or advising the Receiving Party in matters relating to this action.   Disclosure of Confidential Information to a person who comes within category (v) or (vi), but not within category (i), (ii), (iii) or (iv), shall occur only if, at the time such disclosure is made, the person signs a written statement agreeing to be bound by all terms and provisions of this Stipulation and Order.   Additionally, a Receiving Party may disclose material designated as Confidential Information, or information derived therefrom, in response to a lawful subpoena issued in another proceeding, provided that prior to responding to such a subpoena, a copy of the subpoena shall be provided to counsel for the Designating Party as soon as practicable after service thereof, so that the Designating Party may have an opportunity to seek a protective order or other appropriate order.

E.     ~~If a Receiving Party objects to the designation of any information as Confidential Information, the Receiving Party must first notify the Designating Party of its objection and the parties shall confer in a good faith effort to resolve their dispute without judicial intervention.   In the event that the parties are unable to resolve the matters in dispute, then the Receiving Party may move this Court for an order that such information shall not be treated as Confidential pursuant to the terms of this Stipulation and Order, or for other appropriate relief.   In connection with any such motion, the Designating Party shall bear the burden of establishing that the particular claim of confidentiality is justified.   If the Court determines that the~~

3

~~information has not properly been designated as Confidential, such information~~

~~shall not be subject to the protections and limitations imposed by this Stipulation,~~

~~and may be used and disseminated subject only to those constraints normally~~

~~attending the use of information in litigation. If the Court determines that the~~

~~information properly has been designated as Confidential, such information shall~~

~~continue to be subject to the provisions of this Stipulation and Order unless the~~

~~Receiving Party can show good cause for the use or disclosure of such~~

~~information otherwise than as provided in this Stipulation and Order. Until the~~

~~Court rules on any such motion, the information in question shall be treated as~~

~~Confidential Information and shall be subject to the terms of this Stipulation and~~

~~Order.~~

**A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as**

4

**CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

F.   Documents disclosed or produced prior to the date of this Stipulation may be designated as Confidential Information by notice in writing of the designation, identifying the documents by bates number, made within thirty (30) days from the date of this Stipulation. Upon such designation, such documents shall be subject in all respects to the terms of this Stipulation.

G.   This Stipulation shall govern the use of Confidential Information in and during all phases of this action up to, but not including, the trial. By entering into this Stipulation, the parties do not waive and fully reserve any and all rights they have or may have to seek and/or object to orders governing or otherwise addressing the use of Confidential Information at trial.

H.   By entering into this Stipulation, the parties reserve and do not waive any rights they may have to seek other or additional protections from the Court, including but not limited to additional limitations on the use of Confidential Information.

<u>Motion</u>

Entry of this Stipulation as an Order will facilitate the disclosure and discovery process in this action. Accordingly, the parties jointly request that the Court approve this Stipulation as an Order of the Court as set forth below. However, the parties agree that this Stipulation shall be fully effective from and after the date on which it is executed by their respective attorneys.

5

Dated this _____ day of March, 2006.

BERENBAUM, WEINSHIENK                    FAIRFIELD & WOODS, P.C.
& EASON, P.C.


_____            _____
David R. Eason                           Michael R. McCurdy
370 Seventeenth Street, Suite 4800       Wells Fargo Center
Denver, CO  80202                        1700 Lincoln Street, Suite 2400
Phone: (303) 825-0800                    Denver, CO  80203-4524
Fax:  (303) 629-7610                     Phone: (303) 830-2400
E-mail:  deason@bw-legal.com             Fax:  (303) 830-1033
                                         E-Mail:  mmccurdy@fwlaw.com

ATTORNEYS FOR PLAINTIFF                   ATTORNEYS FOR DEFENDANTS

        SO ORDERED.

        Dated May 30, 2006.

                                         BY THE COURT:

                                          s/ Boyd N. Boland_____
                                         United States Magistrate Judge

6